IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADAV NAHTOMY,<br><br>                              Plaintiff,<br>    -against-<br><br>FLUIDFREERIDE LLC and LEITMOTIF SERVICES d/b/a FLUIDFREERIDE LLC,<br><br>                              Defendants. | Civil Action No. _____<br><br>**Complaint**<br><br>JURY TRIAL DEMANDED |

Plaintiff, NADAV NAHTOMY, by and through his attorneys, EDELMAN, KRASIN & JAYE, PLLC, states as follows:

## NATURE OF THE ACTION

1.      This is a products liability action arising from Defendants FLUIDFREERIDE LLC's and LEITMOTIF SERVICES d/b/a FLUIDFREERIDE LLC's (hereinafter collectively "Fluid" or "Defendants") defective and malfunctioning electric scooter that caused severe bodily injuries to Plaintiff NADAV NAHTOMY (hereinafter "Mr. Nahtomy" or "Plaintiff").

## PARTIES

2.      Plaintiff is an individual who resides in the County of New York and State of New York.

3.      Defendant FLUIDFREERIDE LLC is a for-profit corporation, incorporated in the State of Florida, with its principal place of business located at 1080 Brickell Avenue, Unit 3909 Miami, FL 33131.

4.      Defendant LETMOTIF SERVICES d/b/a FLUIDFREERIDE LLC is a for-profit corporation, incorporated in the State of Florida, with its principal place of business located at 7101 N. Miami Avenue, Suite 103, Miami, FL 33150.

1

5. Defendants are designers, manufacturers, assemblers, creators, testers, inspectors, producers, importers, distributors, marketers, and/or sellers of electric scooter products, including an electric scooter by the model name "fluid HORIZON, 13Ah" (hereinafter "fluid HORIZON" or "electric scooter").

## NATURE OF THE ACTION

6. This is a products liability action arising from Defendants' defective and malfunctioning fluid HORIZON 13Ah electric scooter, which caused severe bodily injuries to Plaintiff.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over the parties under 28 U.S.C. §§ 1332(a)(1), because the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00, excluding interest and costs.

8. Plaintiff is a citizen of the State of New York. Defendants are Florida corporations with principal places of business in the State of Florida. The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

9. This Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the privilege of conducting business within this State and this District by, among other things, selling and/or distributing electric scooter products and by operating an electric scooter service and sales location at 216 Frost St, Brooklyn, NY 11211.

10. Venue is proper in the Southern District of New York pursuant to 28 USC §§ 1391(b)(2) as a substantial part of the events or omissions giving rise to the lawsuit, including the location of Plaintiff's accident, occurred within the territorial limits of this district.

## JURY DEMAND

11.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## FACTUAL BACKGROUND

12.     On August 4, 2021, Plaintiff purchased an electric scooter from Defendants, model name "fluid HORIZON 13 Ah" via Defendants' website (https://fluidfreeride.com/).

13.     On January 18, 2022, at approximately 7:30 pm, as Plaintiff was riding his fluid HORIZON electric scooter on 29th Street, at or about its intersection with Park Avenue West, in Manhattan, New York, the scooter's left handlebar suddenly snapped off, unexpectedly and without warning, causing Plaintiff to fall to the pavement.

14.     As a result of his fall, Plaintiff suffered severe injuries to right arm and wrist, requiring surgery.

## FIRST CAUSE OF ACTION
### NEGLIGENCE

15.     Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

16.     That on the aforesaid date, Plaintiff used said fluid HORIZON electric scooter in the manner intended and/or foreseeably used when the product malfunctioned, failed, broke, and/or snapped, thereby causing severe and catastrophic injuries to Plaintiff.

17.     That Defendants owed a duty to Plaintiff to develop, design, distribute, manufacture, test, sell and market a product free from defects in material or workmanship that is safe and functional.

18.     That the fluid HORIZON electric scooter was defective and unreasonably dangerous because there was a lack of adequate warning labels and notices, and/or misleading and confusing labels and notices, about the proper use of the product.

3

19. Defendants are liable to Plaintiff for failing to exercise reasonable care in determining accuracy of information provided or failing to exercise reasonable care in communicating untrue information regarding the safety and functionality of the fluid HORIZON electric scooter. Plaintiff relied on such information and such reliance was foreseeable by Defendants.

20. That the occurrence hereinabove described was caused solely and wholly through the carelessness, negligence and recklessness of the Defendants: in the design, development, creation, manufacture, assembly, testing, inspection, production, sales, distribution and selling of the aforesaid fluid HORIZON electric scooter; in creating an electric scooter which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing an electric scooter which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid electric scooter; in using defective materials in the manufacturing of the electric scooter; in failing to warn of the electric scooter's proper use; in failing to properly test and inspect the product during the manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the electric scooter was safe and free from danger and defect when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the fluid HORIZON electric scooter which endangered the life and limb of its users; in placing into the stream of commerce an electric scooter which was not properly designed, manufactured and assembled; in negligently misrepresenting the safety of the subject fluid HORIZON electric scooter; in negligently designing the electric scooter's handlebars; in failing to properly design the electric scooter's handlebars; in failing to properly test and inspect

4

the electric scooter's handlebars during the manufacturing and assembly process, in failing to provide proper instructions or warning regarding the electric scooter's handlebars; in failing to test the product; in failing to comply with applicable laws, rules and regulations; and in being otherwise negligent in the operation, supervision and maintenance of said product.

21. The specific acts of negligent manufacturing or designing on the part of the Defendants are facts that are solely within the knowledge of the Defendants. Plaintiff claims and relies on the doctrine of Res Ipsa Loquitur. Plaintiff will show that the character of the occurrence giving rise to this action is such that would not have happened in the absence of negligence and that the design and manufacture of electric scooter, including its handlebars, was within the exclusive control of the Defendants at the time the negligence occurred. Plaintiff had no control of the method or manner in which the product was designed and manufactured, and it came to Plaintiff's possession in the same condition it was when it left the control of Defendants. Defendants were negligent in the design and/or manufacture of the electric scooter, and the Defendants' negligence was the proximate cause of the injuries and damages sustained by the Plaintiff.

22. The acts and omissions of the Defendants, taken singularly or in combination, were a proximate cause of the Plaintiff's injuries and damages.

23. That by reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

24. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds $75,000.00.

## SECOND CAUSE OF ACTION
### BREACH OF WARRANTY

25. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

26. That on January 18, 2022, Plaintiff used the aforementioned electric scooter in the manner intended and/or foreseeably used said electric scooter when it malfunctioned, failed, broke, and/or snapped, thereby causing severe and catastrophic injuries to Plaintiff.

27. That the Defendants expressly warranted that said electric scooter was fit for the purpose for which it was intended and that the Defendants expressly warranted that said product was safe to use in every respect and had been designed, created, assembled and manufactured safely and warranted that it was good, safe, and proper to use. That relying upon said warranties, the Plaintiff proceeded to use the said product in accordance with its intended use.

28. That the Defendants impliedly warranted that said product was of merchantable quality and was safe for use. Defendants were merchants with respect to the product in question and the good was not merchantable as warranted. That relying upon said implied warranties, Plaintiff proceeded to use said product in accordance with its intended use.

29. That the Defendants, their agents, servants and/or employees, designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and/or sold a certain fluid HORIZON electric scooter which caused Plaintiff to suffer severe and permanent personal injuries.

30. That Defendants warranted, provided an instruction manual, labeled their product and provided certain written instructions and said instruction manual and label in connection with the use of the product.

31. That the aforesaid accident was caused solely and wholly by reason that Defendants breached its warranty of merchantability and fitness for intended use of the said product which warranties were both express and implied.

32. That by reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

33. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds $75,000.00.

## THIRD CAUSE OF ACTION
### FAILURE TO WARN

34. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

35. That on January 18, 2022, Plaintiff used said fluid HORIZON electric scooter in the manner intended and/or foreseeably used when the product malfunctioned, failed, broke, and/or snapped, thereby causing severe and catastrophic injuries to Plaintiff.

36. That at all times hereinafter mentioned, the Defendants designed, manufactured and distributed the electric scooter in question, knowing and intending for it to be used by the public.

37. That on January 18, 2022, the Plaintiff was making use of the aforesaid electric scooter in a manner which the Defendants knew and intended to be used and/or in a manner foreseeable by the Defendants.

38. That the fluid HORIZON electric scooter was defective and that said defect caused the injury to the Plaintiff.

39. That on January 18, 2022, Plaintiff used the product for the purpose and use normally intended.

40. That on January 18, 2022, while Plaintiff was using said product, said product malfunctioned causing Plaintiff to suffer severe bodily injuries.

41. That upon information and belief, the fluid HORIZON electric scooter in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it would cause severe injuries while being used and the product was otherwise defective.

42. That the Defendants knew or should have known of the dangerous nature of the fluid HORIZON electric scooter involved in the accident and by virtue of the product and its sale of this product, knew or should have known of the need to provide adequate warnings concerning the use of such product.

43. That the Defendants had a duty to give reasonable warning of the danger involved in the use of its product and failed to provide the public, including the Plaintiff, notice of the dangers involved.

44. That the Plaintiff's injuries were caused solely by the Defendants' negligence in failing to warn Plaintiff of the defect and dangers inherent in the operation of the aforesaid electric scooter.

45. That by reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will

continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

46. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds $75,000.00.

## FOURTH CAUSE OF ACTION
STRICT LIABILITY – DESIGN DEFECT

47. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

48. That on January 18, 2022, Plaintiff used said electric scooter in the manner intended and/or foreseeably used when the product malfunctioned, failed, broke, and/or snapped, thereby causing severe and catastrophic injuries to Plaintiff.

49. That on January 18, 2022, Plaintiff was injured by using the fluid HORIZON electric scooter according to the instructions that accompanied the product in the manner intended and foreseen by the Defendants. The electric scooter was defective and unsafe for its intended purposes at the time it left the control of Defendants and at the time it was sold to Plaintiff. The defect(s) were a proximate cause of the Plaintiff's injuries and damages.

50. On the market at the time of the subject January 18, 2022 incident, there existed several products with feasible alternative designs which better and more safely kept the electric scooter from failing, breaking, and/or snapping and/or were not susceptible to foreseeable improper usage, and protected the end user which made the electric scooter inherently safer.

51. These alternative designs made no meaningful difference in cost or efficiency and were made from readily available parts.

52. That by reason of the foregoing, the Defendants, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

53. That by reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be

9

permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

54. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds $75,000.00.

### FIFTH CAUSE OF ACTION
STRICT LIABILITY – MANUFACTURING DEFECT

55. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

56. That on January 18, 2022, Plaintiff used said fluid HORIZON electric scooter in the manner intended and/or foreseeably used when the product malfunctioned, failed, broke, and/or snapped, thereby causing severe and catastrophic injuries to Plaintiff.

57. That on January 18, 2022, Plaintiff was injured by using the fluid HORIZON electric scooter according to the instructions that accompanied the product in the manner intended and foreseen by the Defendants. The electric scooter was defective and unsafe for its intended purposes at the time it left the control of Defendants and at the time it was sold by the retailer. The defect(s) were a proximate cause of the Plaintiff's injuries or damages.

58. While the product was designed to secure individuals from falling, this particular unit failed because of a flaw in the manufacture of the product itself as compared to other such harnesses which followed the design accurately.

59. Had adequate quality control and testing been performed by the Defendants, this manufacturing defect would have been detected.

60. That by reason of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to

incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

61. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds $75,000.00.

## SIXTH CAUSE OF ACTION
PUNITIVE DAMAGES

62. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

63. At all times herein alleged, Defendants continued to sell fluid HORIZON electric scooters, failed to remedy defects through changes in design and manufacturing, failed to warn users, failed to recall the electric scooter, and failed to make appropriate repairs to the electric scooter.

64. As such, Defendants acted with gross negligence, reckless, willful conduct, wanton and conscious disregard of the rights and safety of the Plaintiff, and the public at large.

65. By reason of the foregoing, Plaintiff requests and is entitled to an award of punitive and exemplary damages in the sum of FIFTY MILLION DOLLARS ($50,000,000.00), or an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of the action.

66. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds $75,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment and pray for the following relief against the Defendants: full and fair compensatory damages in an amount to be determined by a jury; punitive damages in the sum of FIFTY MILLION DOLLARS ($50,000,000.00) or an amount to be

determined by a jury; reasonable attorneys' fees and the costs and disbursements of the action; and such other and further relief as appears just and proper.

Dated: Westbury, New York
       March 23, 2022

Respectfully submitted,

**EDELMAN, KRASIN & JAYE, PLLC**
Attorneys for Plaintiff

By: _____
Victor Bota, VB-8601
7001 Brush Hollow Road, Suite 100
Westbury, New York 11590
Tel:   (516) 742-9200
Fax:   (516) 742-7622
vbota@ekjlaw.com

12